UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-00344-RJC
(3:17-cr-00276-RJC-DSC-2)

| | |
|---|---|
| DEMONTE WITHERS, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. [CV Doc. 1].[1]

**I.     BACKGROUND**

On December 13, 2017, Petitioner Demonte Withers ("Petitioner") was charged in a Superseding Bill of Indictment with 17 counts for his role as senior member and de facto leader of a hip hop group that referred to themselves as the "FreeBandz Gang" or "FBG." FBG, led by Petitioner, engaged in a series of fraud schemes, starting with a relatively simple bank fraud scheme that evolved, through Petitioner's guidance and influence, into a sophisticated identity fraud scheme that resulted in more than $1.4 million in losses to the victim retailers. [See CR Doc. 19: Superseding Bill of Indictment; Doc. 121: Factual Basis]. Defendant was charged with two counts of conspiracy to commit bank or wire fraud in violation of 18 U.S.C. § 1349 (Counts One and Eighteen); four counts of bank fraud in violation of 18 U.S.C. § 1344(2) (Counts Three, Eight,

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 3:20-cv-00344-RJC, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 3:17-cr-00276-RJC-DSC-2.

Nine, and Thirteen); three counts of wire fraud in violation of 18 U.S.C. § 1343 (Counts Nineteen, Twenty, and Twenty-Two); one count of possession of a document making implement or authentication feature in violation of 18 U.S.C. § 1028(a)(5) (Count Twenty-Five); two counts of illegal possession of device-making equipment in violation of 18 U.S.C. § 1029(a)(4) (Counts Twenty-Six and Twenty-Seven); four counts of aggravated identity theft in violation of 18 U.S.C. § 1028A (Counts Thirty-Five, Thirty-Six, Thirty-Eight, and Forty-Two); and one count of possession of a firearm while being a convicted felon in violation of 18 U.S.C. § 922(g) (Count Forty-Five). [CR Doc. 19].

The parties reached a plea agreement pursuant to which Petitioner agreed to plead guilty to Counts One, Eighteen, and Forty-Two in exchange for the Government's dismissal of the remaining counts of the Superseding Indictment. [CR Doc. 119 at 1: Plea Agreement]. Petitioner's guilty plea was accepted by the Magistrate Judge on June 22, 2018 after a duly conducted Rule 11 hearing. [See CR Doc. 125: Acceptance and Entry of Guilty Plea]. Petitioner was sentenced on March 21, 2019 to 84 months on each of Counts One and Eighteen, to be served concurrently, and 24 months on Count Forty-Two, to run consecutively to the sentences imposed on Counts One and Eighteen, for a total term of imprisonment of 108 months. [CR Doc. 220 at 2: Judgment]. Judgment on Petitioner's conviction was entered on April 24, 2019. [Id.]. Petitioner did not appeal his conviction or sentence.

On March 2, 2020, Petitioner moved for an extension of time to file a motion to vacate pursuant to 28 U.S.C. § 2255 based on "circumstances beyond [his] control." [CR Doc. 232]. The Court denied Petitioner's motion for more time by text order the same day. [3/2/2020 Docket Entry]. On May 19, 2020 and June 2, 2020, Plaintiff filed letters in his criminal case essentially claiming ignorance regarding how to complete a § 2255 motion, but not seeking any particular

2

relief of the Court. [See CR Docs. 233, 236].

On June 17, 2020, Petitioner filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. [CV Doc. 1]. Plaintiff claims to be entitled to relief based on improper application of enhancements for his leadership role in the conspiracy and the loss amount attributable to the conspiracy and based on ineffective assistance of counsel. [Id. at 4-5, 7]. Petitioner claims his counsel was ineffective for several reasons: (1) Petitioner told his attorney that he wanted to appeal after sentencing and his attorney told Petitioner that "he didn't think it was a good idea;" (2) Petitioner would not have signed the plea agreement if he knew he was subject to a 4-point leadership enhancement; (3) Petitioner was "under the impression" that the dollar amount "[he] received was [the conspiracy's] as a group not [his] alone;" (4) Petitioner "didn't agree with the factual basis;" and (5) he "was deprived of doing [his] PSR in person cause [he] owed [his] lawyer funds." [Id. at 7].

Petitioner claims his § 2255 motion is timely because he "has been trying to file [it] for a while" and "stayed in contact with the Charlotte division federal court house [*sic*] through mail asking what steps to take…." [CV Doc. 1 at 12]. Petitioner further argues that he had "been in the hole for the last 10 ½ months" and that "the prison has been locked down since early March and still is lockdown." [Id.].

**II.    ANALYSIS**

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 by imposing a one-year statute of limitations period for the filing of a motion to vacate. Such amendment provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-
>
> (1) the date on which the judgment of conviction becomes final;

3

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, as noted, judgment was entered in this action on April 24, 2019, and Petitioner did not appeal. Petitioner's conviction, therefore, became final for purposes of Section 2255(f) on May 8, 2019, fourteen days after judgment was entered. See Fed. R. App. P. 4(b)(1)(A). Accordingly, the one-year period of limitations under Section 2255 expired on May 7, 2020. Petitioner did not mail his original motion to vacate until June 8, 2020. [See CV Doc. 1 at 13]. As such, Petitioner's motion to vacate is untimely. See 28 U.S.C. § 2255(f).

Furthermore, Petitioner has not stated grounds for application of equitable tolling. To be entitled to equitable tolling, "an otherwise time-barred petitioner must present '(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.'" United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003), cert. denied, 541 U.S. 905, 124 S. Ct. 1605 (2004)). A petitioner must show that he has been "pursuing his rights diligently." Holland v. Florida, 560 U.S. 631, 649 (2010). Further, equitable tolling is limited to "rare instances – where due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Whiteside v. United States, 775 F.3d 180, 184 (4th Cir. 2014) (quoting Rouse, 339 F.3d at 246).

4

Here, while Petitioner "stayed in contact" with the Clerk's office in the Charlotte Division after the deadline for filing his motion to vacate had expired, he failed to diligently pursue his rights both before and after his motion for extension of time to file his motion to vacate was denied on March 2, 2020.  Petitioner plainly demonstrated his ability to communicate with the Court, yet failed to timely file his motion to vacate, despite knowing that the Court denied his request for more time.  Petitioner's circumstances are far from extraordinary and do not warrant equitable tolling.

The Court, therefore, denies and dismisses Petitioner's motion.[2]

### III. CONCLUSION

For the foregoing reasons, the Court denies and dismisses Petitioner's § 2255 petition.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Amended Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Doc. 3] is **DENIED** and **DISMISSED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability.  See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

---

[2] The Court notes that, even if Petitioner's motion were timely, it would be denied and dismissed on the merits in any event.  [See CV Doc. 1].

**IT IS SO ORDERED.**

Signed: September 25, 2020

_____

Robert J. Conrad, Jr.
United States District Judge